IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

IMMANUEL MANNING,                                                              PLAINTIFF

V.                                                                      NO. 4:06CV6-M-D

CHRISTOPHER EPPS, ET AL,                                                      DEFENDANTS

**O P I N I O N**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. He states that he received two Rule Violation Reports (RVRs), the first for unauthorized possession of money and the second for unauthorized possession of drugs. He appeared before a disciplinary committee which conducted hearings on the RVRs, was found guilty of the offenses, and was punished for the violations. Plaintiff contends that he was not guilty of the charges, that the charges were false, that there were numerous administrative errors throughout the RVR process, that the hearing was unfair and not conducted in accordance with Mississippi Department of Corrections policy and procedure, and that he should not have been punished.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)).

It is clear that whether claims are habeas corpus or civil rights in nature the plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). Since the acts complained of by plaintiff meet the due process requirements, they do not rise to the level of a constitutional violation. Therefore they must be dismissed as failing to state a cause of action upon which relief may be granted.

A final judgment in accordance with this opinion will be entered.

THIS the 16th day of February, 2006.

                                                                **/s/ Michael P. Mills**
                                                              **UNITED STATES DISTRICT JUDGE**